**ZHONG YE CHANG, Petitioner,**

**v.**

Alberto R. GONZALES,[1] Respondent.

No. 04–4288.

United States Court of Appeals,
Second Circuit.

Jan. 26, 2006.

Karen Jaffe, New York, New York, for Petitioner.

Paul I. Perez, United States Attorney for the Middle District of Florida, Yvette Rhodes Harrison, Kendell W. Wherry, Assistant United States Attorneys, Orlando, Florida, for Respondent.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for for-

PRESENT: Hon. JOSÉ A. CABRANES, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Zhong Ye Chang, through counsel, petitions for review of the BIA decision affirming an immigration judge's ("IJ") decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed the IJ's decision without opinion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS,* 232 F.3d 279, 286–88 (2d Cir.2000).

Substantial evidence supports the adverse credibility determination, because the inconsistencies the IJ cited are in fact present in the record and material to Chang's persecution claim, and Chang did not correct them when given the opportunity. Chang's failure to mention his April 1999 arrest until the day of the hearing is

mer Attorney General John Ashcroft as a respondent in this case.

a material omission that would likely be fatal to his credibility, standing alone. *See Xu Duan Dong v. Ashcroft,* 406 F.3d 110, 111–12 (2d Cir.2005). This incident was the only incident of past persecution he claimed, and thus the omission went to the heart of his asylum claim. *See id.; cf. Secaida–Rosales,* 331 F.3d at 308–09. Moreover, his amended written statement was insufficient to compensate for the omission, because it was not submitted until the day of the hearing, and contained very few details about the arrest, lacking even the date.

Additional discrepancies in Chang's case provide further support for the adverse credibility finding. Standing alone, the airport statement regarding fearing army recruitment would be an insufficient basis to find Chang incredible, when he retracted this statement early in the proceedings and never tried to revive it. The discrepancies between Chang's credible fear interview and his later statements are more serious, however. At the interview, he testified about a March 2000 arrest, which did not figure into his testimony at his hearing. The details about this arrest, however, were suspiciously similar to the details he later gave for his April 1999 arrest. However, during the interview he clearly indicated that he was at home, not at the factory, when he was arrested, and did not even mention any incidents at the factory, which figured prominently in his later testimony.

It is quite possible that the Porges law firm, which represented Chang at the time of his credible fear interview, was at least partially responsible for his misstatements at that time, and for his deficient asylum application. As the IJ correctly noted, however, this argument became moot once Chang was given the opportunity to amend or replace the initial application and declined to take it. Based on all the inconsistencies, omissions, and inadequate explanations, the IJ properly found Chang not credible. *See Zhou Yun Zhang,* 386 F.3d at 74.

Chang failed to address the IJ's denial of either withholding or CAT relief in his brief to this Court and therefore these claims are deemed waived. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005); *Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).